[No. 21354.   Department One.   January 11, 1929.]

C. J. Cummings, *Appellant*, v. John Wilk,
*Respondent*.[1]

*W. H. Patterson,* for appellant.
*P. D. Smith,* for respondent.

Mitchell, J.—Mrs. C. J. Cummings brought two actions against John Wilk in the superior court of Okanogan county.  They involved certain unsecured promissory notes given by him to her, an open account between the parties, and a promissory note, in the sum of $422.24, given by him to her and secured by a chattel mortgage on cattle.

By stipulation the two actions were tried together, with the result that the defendant was given judgment against the plaintiff, who has appealed.

The only question in the case is whether there was any consideration, to the extent of three hundred dollars, for the $422.24 note and mortgage.

The record shows that the appellant owned a farm in Okanogan county that was occupied by the respondent as a tenant.  One winter she put five head of cattle

[1]Reported in 273 Pac. 527.

on the farm to be cared for by him, using hay belonging to her, and paying him an agreed price for his services. One morning, after feeding the cattle as usual, leaving them in the feeding pen in which they had been kept for several months, he went to his trading point in the community for a few hours and upon his return found the cattle had been taken away. For two weeks, assisted by two other persons a part of the time, he made diligent but fruitless search for the cattle. Thereafter the appellant and her then attorney, not her present attorney, insisting upon respondent's liability for the loss of the cattle, valued at three hundred dollars, procured from him the note in suit, which included the three hundred dollars.

The respondent was born in Poland. He is wholly unfamiliar with our language. He cannot read it, nor can he write it. He can write his name. He had great difficulty understanding others in speaking of common things, and those best acquainted with him had difficulty understanding him. Other than as a laborer in the mines, he had transacted no business in this country except with the appellant and her husband (lately deceased) for several years as a tenant on the farm.

There is no doubt that the cattle were stolen. The parties to this action and their witnesses were all of the opinion the cattle had been stolen, and that without the slightest knowledge or connivance on the part of the respondent.

Under these circumstances, it is enough to find, as we do, and as the trial court evidently was satisfied, that the respondent was overreached, had a legal fraud practiced upon him in procuring his note to the extent that it included three hundred dollars for the stolen cattle. To that extent the note was without consideration.

514

Nor does the fact that, at the time the note and mortgage were given, the appellant executed and delivered to the respondent a bill of sale of the cattle that had been stolen at all embarrass the respondent's defense of want of consideration. The bill of sale was itself without consideration, it being only a part of the whole transaction. by which the respondent was imposed upon.

Affirmed.

FULLERTON, C. J., BEALS, and TOLMAN, JJ., concur.